UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-20279-CR-MARTINEZ

UNITED STATES OF AMERICA,
    Plaintiff,

v.

ANASTASSIA USAKOVA,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

On or about January 16, 2012, court-appointed defense counsel Ana Davide ("Counsel") submitted a voucher application numbered FLS 11 2150 with appended time sheets requesting $34,650.00 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also submitted a letter dated February 7, 2012 in support of her voucher application.

Counsel represented Defendant Anastassia Usakova ("Defendant") for five months from her appointment on April 6, 2011 until September 7, 2011 and seeks compensation for this time in the voucher application. Counsel seeks $34,650.00 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Jose E. Martinez entered an Order of Reference **[DE # 606]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administering the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See *In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §230.23.40(b) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Was Complex

Under the Guidelines, in order to approve a request for compensation in excess of the statutory maximum, I must first find that the representation was either complex or extended. This case was complex for two reasons.

First, the very nature and number of charges involved in this case required Counsel to expend more time, skill and effort than normally required in the average case. This case originally commenced when the grand jury returned a sixty count Indictment **[DE # 102]** charging fifteen codefendants with numerous crimes including conspiracy to commit wire fraud, wire fraud, conspiracy to commit fraud in connection with immigration documents, fraud in connection with immigration documents and bribery of a public official.

Defendant was specifically named in Counts I, XXXI, XXXII, XXXIII, XXXVII, XXXVIII, XXXIX, XLI, XLVIII and XLIX. In Count I, Defendant was charged with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. In Counts XXXI, XXXII, XXXIII, XXXVII, XXXVIII and XXXIX, Defendant was charged with wire fraud in violation of 18 U.S.C. § 1343. In Count, XLI, Defendant was charged with conspiracy to commit fraud in connection with immigration documents in violation of 18 U.S.C. § 371. In Counts XLVIII and XLIX, Defendant was charged with fraud in connection with immigration documents in violation of 18 U.S.C. § 1546.

Defendant faced a separate maximum term of twenty years imprisonment for the conspiracy to commit wire fraud charge and each of the substantive wire fraud charges. Defendant faced a term of five years imprisonment on the conspiracy to commit fraud in

connection with immigration documents charge and ten years imprisonment on each of the two immigration fraud charges. Counsel later entered a plea of guilty to one count of conspiracy to commit fraud in connection with immigration documents. **[See DE # 313]**. She was sentenced to time served. **[See DE # 369]**.

Second, discovery was voluminous in this case. The "government provided [Counsel] with two hard-drives containing thousands of pictures, documents and audio files. Defendant Usakova was charged in the conspiracy counts of the indictment and the entire gamut of the discovery applied. As a result, the undersigned spent an abnormally large amount of time reviewing the provided materials. Counsel also had a large number of conversations and visits with the Defendant to discuss issues brought forth by the discovery." (February 7, 2012 letter at 1-2). The sheer volume of evidence which Counsel had to review in order to effectively represent Defendant rendered this case more complex than the average case.

Third, as Defendant explained, "initially, both counsel and Defendant anticipated this matter proceeding to trial and the case was prepared accordingly." (February 7, 2012 letter). Accordingly, Counsel incurred more time spent preparing for trial than in the average case that results in a guilty plea.

It is clear from the record that the legal and factual issues in this case were unusual. Consequently, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in the average case. As I have concluded that the representation provided by Counsel was complex, I must now review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 6.1 in-court hours totaling $762.50.

The CJA administrator also reviewed the 270.7 out-of-court hours sought by Counsel. Counsel sought compensation for 59.3 hours for "Interviews and conferences" and 203.9 hours for "Obtaining and reviewing records."  Counsel also sought compensation for 7.5 hours for "Legal research and brief writing".  Finally, Counsel sought $50.00 in Travel Expenses."

### In-Court Hours[1]

Counsel sought compensation for 6.1 in-court hours totaling $762.50.  The CJA administrator made no changes to either the total number of in-court hours or the total amount of compensation sought for this time.  I approve $762.50 as reasonable.

### Out-of-Court Hours

In the voucher, Counsel sought compensation for 270.7 out-of-court hours. The CJA administrator reviewed the voucher and made one small change to the number of out-of-court hours claimed by Counsel.  The CJA administrator slightly increased the number of hours listed by counsel for "Obtaining and reviewing records" to 204.1 (from 203.9).  This resulted in a new total of $33,862.50 for out-of-court hours and increased the total amount documented in the voucher to $34,675.00.

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

Counsel included some entries that were not sufficiently specific for the undersigned to determine the purpose of the entries. I recommend that these entries be reduced:

| Date | Description | Hours |
|---|---|---|
| 4/8/11 | Conversation with co-defendant's attorney | 0.4 hours [reduce to 0.1 hour] |
| 4/15/11 | Conversation with co-defendant's attorney | 0.4 hours [reduce to 0.1 hour] |
| 8/15/11 | Conversation with co-defendant's attorney | 0.5 hours [reduce to 0.1 hour] |

These entries are not sufficiently detailed to justify compensation in the amount requested by Counsel. The "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions") is instructive in this regard. The form provides that"[t]elephone conferences in excess of one tenth (0.1) hour require notation of reason for duration, and parties to conversation identified." Although Counsel identified the parties to each conference listed above, Counsel failed to explain the reason for the duration of the conferences in excess of 0.1 hour.

Accordingly, I recommend that these entries should be reduced by a total of 1.0 hour, compensating Counsel with 0.1 hour for each of the above described entries. This results in a total reduction of $125.00.

Counsel also included other problematic entries. Counsel included a number of entries for time spent dealing with personal issues related to the Defendants. Specifically, I recommend that Counsel not be compensated for the following entries:

| | | |
|---|---|---|
| 8/16/11 | Email defendant reference clothes | 0.2 hours |
| 8/17/11 | Conversation reference clothing with neighbor | 0.4 hours |
| 9/1/11 | Conversation with reference clothing | 0.4 hours |
| 9/3/11 | Conversation with AUSA reference clothing | 0.4 hours |

This results in an additional reduction of $175.00.

The most significant issue with Counsel's voucher, however, was that Counsel incurred an enormous amount of time reviewing docket entries in this case. In the voucher, Counsel seeks reimbursement for 203.9 hours spent "Obtaining and reviewing records." A close reading of the voucher revealed that Counsel included twenty-one pages of time entries for simply reviewing docket entries, both entries related to Defendant and entries that were solely related to other co-defendants.[2]

---

[2]

The undersigned has a serious concern regarding the amount of time that Counsel billed for reviewing basic pleadings. For example, on April 7, 2011, Counsel billed 0.3 hours (equating to 18 minutes) for "Review of order to unseal." This order **[DE # 22]** consisted of three lines only. Similarly, also on April 7, 2011, Counsel also billed 0.3 hours (amounting to 18 minutes) for "Review of minute entry for proceedings held before Magistrate Judge Ref Vinogradova." The minute entry **[DE # 68]** was also only one page long. Again, on April 7, 2011, Counsel billed 0.3 hours (equating to 18 minutes) for "Review of minute entry for proceedings held before Magistrate Judge Ref Kilimatova." This minute entry was also only one page long.

A review of Counsel's voucher reveals that Counsel routinely billed 0.1 hour or more for reviewing every docket entry in this case. For example, on April 7, 2011 alone, Counsel sought compensation for <u>forty-six</u> separate entries of docket review. On that day alone, Counsel sought a total of $987.50 for 7.9 hours of docket review.

I have specifically examined each of these entries and determined that the vast majority of the documents reviewed on that day were simple ministerial documents of one page in length. Review of these docket entries did not require anything more from

After my careful review of each time entry for reviewing documents, I recommend that Counsel should be compensated for a total of 102 hours for "Obtaining and reviewing records", which amounts to half of the time that Counsel billed for this task. Upon review of the docket, the file and the discovery in this case, coupled with Counsel's voucher application, I conclude that my reduction of the number of hours Counsel sought for "Obtaining and reviewing records" results in fair compensation for Counsel.[3] I find, however, that the remaining out-of-court hours (as adjusted by the CJA administrator) in the voucher application are appropriate. Factoring in the deductions listed above, I recommend that Counsel should be paid $20,825.00 for her out-of-court hours.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar,* 2008 WL

---

Counsel than a glance before moving on to the next document without pause. Yet, Counsel billed in six minute increments (or more) for looking at each of these simple documents. Such task billing is not appropriate.

[3] The United States Court of Appeals for the Eleventh Circuit has explained that "[w]here fee documentation is voluminous, such as in the instant case, an hour-by-hour review is simply impractical and a waste of judicial resources." *Loranger v. Stierheim,* 10 F.3d 776, 783 (11th Cir. 1994). Although I reviewed each and every entry for "Obtaining and reviewing records," I will not undertake an hour-by-hour analysis of the 203.9 hours Counsel seeks for "Obtaining and reviewing records" in this Order.

2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted).

As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz*, 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale*, 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $20,825.00 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

### Expenses

Counsel sought $50.00 in "Travel Expenses." The CJA administrator made no correction to this amount. I hereby approve the amount of $50.00 "Travel Expenses."

### CONCLUSION

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts in this case. As I explained above, because the representation in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00.

Based upon my review of the time sheets, the Motion, the docket and filings in this case, I RECOMMEND that Counsel be paid $21,637.50 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Signed this 14 day of March, 2012.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

    Ana M. Davide, Esq.
    Lucy Lara, CJA administrator